IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **MARKUS A. GREEN,** § § § **Plaintiff,** § § **v.** § § **DIRECTOR, TDCJ-CID,** § § § **Defendant.** § | **CIVIL ACTION NO. 6:22-CV-00252-JCB** |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Markus Green, a prisoner confined at the Coffield Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 11, 2022, the undersigned issued a deficiency order, (Doc. No. 4), which directed Petitioner to either submit the requisite $5.00 filing fee or a motion for leave to proceed *in forma pauperis* with an attached data sheet from the prison—within thirty days. The docket reflects that Petitioner received a copy of this order on July 18, 2022. (Doc. No. 6.) More than 30 days has passed since Petitioner acknowledged receipt of the court's order and Petitioner has not submitted the filing fee or any motion for leave to proceed *in forma pauperis*.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)

1

(explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Petitioner failed to comply with the July 11, 2022, order directing him to either pay the requisite $5.00 filing fee or to submit a motion for leave to proceed *in forma pauperis*, along with a certified data sheet from the prison within thirty days. Having filed this case in July 2022, to date, Petitioner has still not submitted the filing fee or any motion for leave to proceed *in forma pauperis*—despite and order directing him to do so and a generous amount of time to comply. Petitioner's failure to comply is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

Accordingly, it is **RECOMMENDED** that the above-styled action be dismissed, without prejudice, for Petitioner's failure to comply with an order of the court. The court further recommends that Petitioner be denied a certificate of appealability, *sua sponte*—which refers to this case only and would not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and

legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 31st day of October, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE